# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY M.,[1] | : | Case No. 2:22-cv-3525 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | (by full consent of the parties) |
| | : | |
| COMMISSIONER OF THE SOCIAL | : | |
| SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |

## DECISION AND ENTRY

Plaintiff Timothy M. brings this case challenging the Social Security Administration's partially favorable decision as to his application for a period of disability and Disability Insurance Benefits. The case is before the Court upon Plaintiff's Statement of Errors (Doc. #8), the Commissioner's Memorandum in Opposition (Doc. #10), and the administrative record (Doc. #7).

## I.    Background

The Social Security Administration provides Disability Insurance Benefits to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York*, 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 423(a)(1), 1382(a). The term "disability" encompasses "any medically determinable physical or mental impairment" that precludes an applicant from

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials. *See also* S.D. Ohio General Rule 22-01.

performing "substantial gainful activity." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see Bowen*, 476 U.S. at 469-70.

In the present case, Plaintiff protectively applied for benefits on February 12, 2020, alleging disability due to several impairments, including right shoulder conditions, right arm problems/no strength, lower broken back, multiple broken ribs, right leg damage from hip to knee, head trauma, anxiety, depression, and post-traumatic stress disorder. (Doc. #7-6, *PageID* #231). After Plaintiff's application was denied initially and upon reconsideration, he requested and received a telephone hearing before Administrative Law Judge (ALJ) Thomas L. Wang. Thereafter, the ALJ issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 404.1520. He reached the following main conclusions:

Step 1: Plaintiff has not engaged in substantial gainful activity since February 7, 2019, the alleged onset date.

Step 2: From February 7, 2019 through December 17, 2020, the period during which Plaintiff was under a disability, he had the following severe impairments: post-traumatic stress disorder (PTSD); an adjustment disorder with anxiety; a thoracic spine fracture; multilevel degenerative disc disease of the thoracolumbar spine; a rotator cuff tear, impingement syndrome, and biceps tendinitis of the right shoulder; a left median neuropathy (carpal tunnel syndrome); and hand tremors.

Step 3: From February 7, 2019 through December 17, 2020, he did not have an impairment or combination of impairments that met or medically equaled the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4: From February 7, 2019 through December 17, 2020, his residual functional capacity (RFC), or the most he could do despite his impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consisted of "light work … except for the following limitations. [Plaintiff] is limited to operation of foot controls within the exertional weight limits.

2

> [Plaintiff] is limited to pushing / pulling 20 pounds with the left upper extremity and 10 pounds with the right upper extremity. [Plaintiff] is limited to no climbing of ladders, ropes, or scaffolds, while he can frequently climb ramps and stairs. [Plaintiff] is limited to frequent kneeling and crouching, but only occasional stooping [and] crawling. [Plaintiff] is limited to no commercial driving. [Plaintiff] is limited to no overhead reaching with the right upper extremity. [Plaintiff] is limited to frequent handling with the right upper extremity. [Plaintiff] is limited to jobs with goal[-]based production, where the work is measured by end result, and not pace work. [Plaintiff] is limited to work in a low stress job, defined as only occasional changes in the work setting. [Plaintiff] is limited to short cycle tasks. [Plaintiff] is limited to occasional and superficial interaction with the public and coworkers, but frequent supervision needed."

> From February 7, 2019 through December 17, 2020, Plaintiff was unable to perform any past relevant work.

Step 5:  From February 7, 2019 through December 17, 2020, considering his age, education, work experience, and RFC, there were no jobs that existed in significant numbers in the national economy that Plaintiff could have performed.

(Doc. #7-2, *PageID* #s 44-56).  Based on these findings, the ALJ concluded that Plaintiff under a disability, as defined by the Social Security Act, from February 7, 2019 through December 17, 2020.  *Id.* at 57.

The ALJ then proceeded with the eight-step sequential evaluation procedure to evaluate whether Plaintiff's disability ceased as a result of medical improvement.  20 C.F.R. § 404.1594; *Niemasz v. Barnhart,* 155 F. App'x 836, 839-40 (6th Cir. 2005) (The medical improvement standard applies to cases involving a closed period of disability.).  As relevant here, the ALJ determined that medical improvement occurred as of December 18, 2020.  (Doc. #7-2, *PageID* #58).  Further, the medical improvement is related to the ability to work because there has been an increase in Plaintiff's RFC.  *Id.*  Specifically, the ALJ found that, beginning December 18, 2020, Plaintiff had the RFC to perform light work with the following limitations:

3

> [Plaintiff] is limited to operation of foot controls within the exertional weight limits. [Plaintiff] is limited to pushing / pulling 20 pounds with the left upper extremity and 10 pounds with the right upper extremity. [Plaintiff] is limited to no climbing of ladders, ropes, or scaffolds, while he can frequently climb ramps and stairs. [Plaintiff] is limited to frequent kneeling and crouching, but only occasional stooping [and] crawling. [Plaintiff] is limited to no commercial driving. [Plaintiff] is limited to no overhead reaching with the right upper extremity. [Plaintiff] is limited to frequent handling with the right upper extremity. [Plaintiff] is limited to jobs with goal[-]based production, where the work is measured by end result, and not pace work. [Plaintiff] is limited to work in a low stress job, defined as only occasional changes in the work setting. [Plaintiff] is limited to short cycle tasks. [Plaintiff] is limited to occasional and superficial interaction with the public and coworkers, and supervisors.

*Id.* at 58-59.  The ALJ determined that beginning December 18, 2020, "considering [his] age, education, work experience, and [RFC], there have been jobs that exist in significant numbers in the national economy that [Plaintiff] can perform."  *Id.* at 61.  Based on these findings, the ALJ concluded that Plaintiff's disability ended on December 18, 2020, and he has not become disabled again since that date.  *Id.*

The evidence of record is adequately summarized in the ALJ's decision (Doc. #7-2, *PageID* #s 41-62), Plaintiff's Statement of Errors (Doc. #8), and the Commissioner's Memorandum in Opposition (Doc. #10).  To the extent that additional facts are relevant, they will be summarized in the discussion below.

## II.    <u>Standard of Review</u>

Judicial review of an ALJ's decision is limited to whether the ALJ's finding are supported by substantial evidence and whether the ALJ applied the correct legal standards.  *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270,

273 (6th Cir. 1997)); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir. 2007)).  It is "less than a preponderance but more than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives [Plaintiff] of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

III.    **Discussion**

In his Statement of Errors, Plaintiff contends that "the decision of the ALJ is not supported by substantial evidence as the ALJ erroneously found that there was medical improvement as of December 18, 2020." (Doc. #8, *PageID #*s 1990-96).  Additionally, Plaintiff asserts that "the ALJ committed harmful error when he failed to properly apply the criteria of Social Security Ruling 16-3p and found that after the closed period, the effect of the combination of Plaintiff's symptoms allowed him to engage in substantial gainful activity on a full-time and sustained basis."  *Id.* at 1979, 1996-2002.   The Commissioner maintains that the ALJ properly found medical improvement and improved functioning such that Plaintiff could work.  (Doc. #10, *PageID #*s 2010-15).   Furthermore, the Commissioner asserts the ALJ properly considered Plaintiff's

5

subjective complaints consistent with the Social Security Administration's regulations and policies. *Id.* at 2015-17.

## A. Medical Improvement

Plaintiff argues that the ALJ erred in finding medical improvement as of December 18, 2020, such that he was no longer disabled. (Doc. #8, *PageID* #1993). Specifically, Plaintiff contends, "the physical examinations … documented that [his] condition had not improved and had continued to deteriorate after December 2020." *Id.* at 1994. Further, he did not experience medical improvement of his mental impairments after December 18, 2020. *Id.* at 1995-96. According to Plaintiff, the ALJ "failed to build an accurate and logical bridge between the medical evidence and [his] RFC that Plaintiff could engage in substantial gainful activity on a full-time and sustained basis." *Id.* at 1996. (citation omitted).

"In order to find a closed period of disability, the Secretary must find that at some point in the past, the claimant was disabled and that, at some later point in the past, he improved to the point of no longer being disabled." *Gillespie v. Comm'r. of Soc. Sec.,* No. 09-11191, 2010 WL 4063713, at *3 (E.D. Mich. Oct. 14, 2010) (citing *Long v. Sec'y of Health & Human Servs.,* No. 93-2321, 1994 WL 718540, at *2 (6th Cir. Dec. 27, 1994)). If an ALJ has found a claimant disabled for a closed period, the ALJ must find a medical improvement in the claimant's condition to end his benefits. *Niemasz v. Barnhart,* 155 F. App'x 836, 839-40 (6th Cir. 2005); *see also Brown v. Comm'r of Soc. Sec.*, No. 1:13-CV-851, 2015 WL 502143, at *5 (S.D. Ohio Feb. 5, 2015) (Litkovitz, M.J.), *report and recommendation adopted*, No. 1:13-CV-85 (S.D. Ohio Mar. 9, 2015) (Dlott, D.J.); *Cobb v. Comm'r of Soc. Sec.,* No. 1:09cv51, 2010 WL 565260, at *8 (W.D. Mich. Feb. 11, 2010) (citing *Shepherd v. Apfel*, 184 F.3d 1196, 1198, 1200 (10th Cir. 1999) (medical

improvement standard as set forth in 20 C.F.R. §§ 404.1594 and 416.994 applies to closed period cases); *Long*, 1994 WL 718540 at *2.  The regulations define "medical improvement" as "any decrease in the medical severity of your impairment(s) which was present at the time of the most recent favorable medical decision that you were disabled.... A determination that there has been a decrease in medical severity must be based on improvement in the symptoms, signs and/or laboratory findings associated with your impairment(s)." 20 C.F.R. § 404.1594(b)(1).  There must be substantial evidence of "medical improvement" and proof that the claimant is "now able to engage in substantial gainful activity" to satisfy the medical improvement standard.  *Niemasz,* 155 F. App'x at 840 (citing 42 U.S.C. § 423(f)(1)).  The burden of proof to establish that a claimant has experienced a medical improvement which renders him capable of performing substantial gainful activity lies with the Commissioner.  *See Kennedy v. Astrue,* 247 F. App'x 761, 765 (6th Cir. 2007); *Maudlin v. Comm'r of Soc. Sec.*, No. 1:14-CV-256, 2015 WL 13738802, at *3 (S.D. Ohio July 15, 2015) (Bowman, M.J.), *report and recommendation adopted sub nom. Maudlin v. Astrue*, No. 1:14-CV-256, 2015 WL 5212049 (S.D. Ohio Sept. 8, 2015) (Beckwith, D.J.) ("Because the ALJ first determined that she was disabled beginning on her alleged disability onset date, it is the Commissioner who bears the burden of proof to establish that the Plaintiff's impairment has medically improved.") (citing 42 U.S.C. § 423(f)(1)).  If the Commissioner's findings on the issue of medical improvement are supported by substantial evidence, the Commissioner's decision must be affirmed.  *Gillespie,* 2010 WL 4063713, at *3 (citing 42 U.S.C. § 405(g)).

As the Commissioner correctly points out, the ALJ found that there was no change in Plaintiff's physical condition following the end of the closed period.  (Doc. #7-2, *PageID* #57)

("In regards to [Plaintiff's] physical impairments, there is no change compared to the prior analysis …."); (Doc. #7-2, *PageID* #60) ("[T]here are no major changes in [Plaintiff's] physical conditions following the end of the closed period."); (Doc. #10, *PageID* #s 2010-11).  Thus, to the extent that Plaintiff argues that the ALJ erred in finding medical improvement of his physical impairments, Plaintiff's argument lacks merit.

Instead, the ALJ found, "medical records showed [Plaintiff] reporting gradual improvement in his mental health symptoms starting in late 2019 / early 2020 to the point that he had significantly improved by the end of the closed period."  (Doc. #7-2, *PageID* #58).  Based on this improvement, the ALJ concluded that, beginning December 18, 2020, Plaintiff's functional capacity for basic work activities increased.  *Id.*  The ALJ made one change to his RFC assessment from the closed period; he replaced the limitation requiring "frequent supervision" with a limitation to occasional interaction with supervisors.  *Id.* at 49, 59.

In assessing Plaintiff's mental RFC—and specifically, as relevant here, the limitation to "frequent supervision"—for the closed period, the ALJ relied on some of the opinions from Plaintiff's therapist, Dr. Roach.  (Doc. #7-2, *PageID* #55).  Dr. Roach completed several "Physician's Report of Work Ability" forms, opining that Plaintiff "has difficulty maintaining focus and concentration with ongoing intrusive thoughts of self-doubt, and anxiety significantly impacting pace and ability to complete tasks."  (Doc. #7-10, *PageID* #s 1499-1500); (Doc. #7-11, *PageID* #s 1795-96).  The ALJ explained that Dr. Roach's reports support finding that Plaintiff had marked limitations in his ability to concentrate, persist, and maintain pace during the closed period.  (Doc. #7-2, PageID #55).  Furthermore, the ALJ stated that he relied on Dr. Roach's reports "when including a restriction for the frequent need for supervision during the closed period

8

to account for [Plaintiff's] difficulties with concentration, work pace, and his ability to persist to complete tasks during this period." *Id.*

Although the ALJ also discussed some of Dr. Roach's other opinions when assessing Plaintiff's mental RFC after the closed period, the ALJ did not address the "Physician's Report of Work Ability" forms that Dr. Roach completed after December 17, 2020. *See* Doc. #7-2, *PageID* #60. Notably, between December 18, 2020 and June 16, 2021, Dr. Roach continued to report that Plaintiff had difficulty maintaining focus and concentration and that his symptoms significantly impacted his pace and ability to complete tasks. (Doc. #7-11, *PageID* #s 1823-42). However, when assessing Plaintiff's medical improvement, the ALJ did not consider these reports. In other words, the ALJ failed to explain why Dr. Roach's reports were reliable prior to December 18, 2020, but were no longer reliable after that date. Given the ALJ's reliance on Dr. Roach's reports in assessing Plaintiff's mental RFC for the closed period, the ALJ's failure to address the reports in his assessment of Plaintiff's improvement constitutes error. *See Dupont v. Comm'r of Soc. Sec.*, No. 18-11310, 2019 WL 4296897, at *6 (E.D. Mich. Aug. 15, 2019), *report and recommendation adopted*, No. 18-11310, 2019 WL 4277809 (E.D. Mich. Sept. 10, 2019) ("As explained in *Campbell v. Comm'r of Soc. Sec.*, 2011 WL 2160460 (E.D. Mich. June 1, 2011), it was reversible error where the ALJ did not compare the findings in the report relied on to find the claimant no longer disabled with the evidence from when the claimant was found disabled."); *see Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) ("Substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must take into account whatever in the record fairly detracts from its weight.") (internal quotes and citations omitted).

9

While the ALJ did not consider Dr. Roach's opinions from the "Physician's Report of Work Ability" forms after December 17, 2020, the ALJ did rely on Dr. Roach's assessments of Plaintiff's functional status as evidence of Plaintiff's improvement.  Indeed, the ALJ found Dr. Roach's opinions from 2020 onward "persuasive." (Doc. #7-2, *PageID* #60).  The ALJ explained, "Notes from Dr. Roach show that he found [Plaintiff's] mental health functioning improved to the point that he had no more than moderate limitations in any area of mental health functioning by December 2020." *Id.* (citing Doc. #7-11, *PageID* #s 1870, 1872, 1874, 1876, 1880).[2]  The ALJ acknowledged, "While Dr. Roach subsequently reported a small increase in the level of limitation in March 2021 (noting moderate to marked limits in [Plaintiff's] ability to concentrate, persist, or maintain pace), this appears to correspond to a brief report of worsening in his records and the evidence shows [Plaintiff] quickly thereafter returned to reporting better control of his symptoms." *Id.* (citing Doc. #7-11, *PageID* #s 1882, 1884, 1913-16).  However, a review of the records reveals that this "small increase" was not limited to March 2021; Dr. Roach opined that Plaintiff had moderate to marked limitations in his ability to concentrate, persist, or maintain pace in March, April, May, and June 2021.  (Doc. #7-11, *PageID* #s 1880, 1882, 1884, 1886, 1888, 1890).  Dr. Roach's later opinions do not support the ALJ's finding of improvement and, instead, are indicative of continued difficulties in Plaintiff's ability to concentrate, persist, and maintain pace. *See McQueen v. Comm'r of Soc. Sec.*, 2014 WL 533496, *9 (S.D. Ohio Feb. 11, 2014) ("There is no evidentiary basis for determining that plaintiff's depression and anxiety had 'improved' such

---

[2] Although the ALJ cites to Dr. Roach's notes from March 3, 2021, a review of that record shows that Dr. Roach opined that Plaintiff had moderate to marked limitations in concentration, persistence, and pace.  (Doc. #7-11, *PageID* #1880).

that Dr. Colmenares' findings were no longer apt. Rather, review of the record demonstrates that plaintiff's mental impairments continued to fluctuate and manifest in significant symptomology."); *Niemasz*, 155 F. App'x at 840 ("When there is a respite in a claimant's impairment, … the ALJ must ensure that the improvement is permanent before finding that a claimant is no longer disabled.") (citing 20 C.F.R. § 404.1594(c)(3)(iv) (factors to consider include "the longitudinal history of the impairments, including the occurrence of prior remission, and prospects for future worsenings")); *see also Schweihofer v. Comm'r of Soc. Sec.*, No. 17-14222, 2019 WL 1339611, at *9 (E.D. Mich. Feb. 22, 2019), *report and recommendation adopted,* No. 17-14222, 2019 WL 1327186 (E.D. Mich. Mar. 25, 2019) (citing *Fithen v. Comm'r of Soc. Sec.*, 2016 WL 1281822, *8 (S.D. Ohio Apr. 6, 2016)) ("The Social Security regulations recognize that a claimant's level of functioning may vary considerably over time and that longitudinal evidence is required in the case of mental impairments."). In light of the foregoing and given that the ALJ found Dr. Roach's opinions from December 2020 onward to be persuasive, the ALJ's failure to address these later opinions constitutes error.

The ALJ likewise relied on Dr. Roach's assessments of Plaintiff's functional status when assessing the "Paragraph B" criteria, specifically his ability to concentrate, persist, and maintain pace after December 17, 2020. (Doc. #7-2, *PageID* #57-58). Although the ALJ found that Plaintiff had a marked limitation in his ability to concentrate, persist, and maintain pace during the closed period, he determined that Plaintiff's ability in this functional category improved such that beginning December 18, 2020, Plaintiff had only a moderate limitation. *Id.* at 47-48, 57-58. In support, the ALJ noted that Dr. Roach opined that the severity of Plaintiff's symptoms decreased to a moderate level by the end of the closed period. *Id.* at 58 (citing Doc. #7-11, *PageID* #s 1870-

72). However, the ALJ failed to considered Plaintiff's subsequent increase in level of limitation as opined by Dr. Roach. (Doc. #7-11, *PageID* #s 1880, 1882, 1884, 1886, 1888, 1890).

Furthermore, the ALJ found that the "improvement is also consistent with the clinical exams that have failed to document any deficits in his attention and concentration since the end of the closed period." (Doc. #7-2, *PageID* #58) (citing Doc. #7-11, *PageID* #s 1905-16). The records that the ALJ cites in support are from Heather Sklenar Williams, CNP, who Plaintiff saw for pharmacological management. The ALJ is correct that Ms. Williams did not document any deficits in Plaintiff's attention and concentration in May, June, or July 2021. However, Anna Meyer, CNP, (who Plaintiff saw for pharmacological management before Ms. Williams) did not document any deficits in Plaintiff's attention and concentration during the closed period either. (Doc. #7-10, *PageID* #s 1703-32); (Doc. #7-11, *PageID* #s 1925-35). Indeed, in the mental status exam portion of her treatment notes, Ms. Meyer consistently noted "Memory/ Concentration[:] short term intact and long term intact" throughout the entire closed period. *Id.* The records relied upon by the ALJ mirror Ms. Meyer's notes. (Doc. #7-11, *PageID* #s 1905-23) ("Memory/Concentration[:] short term intact and long term intact"). Given that Ms. Meyer and Ms. Williams never indicated that Plaintiff had difficulty with attention and concentration—even during the closed period—the fact that Ms. Williams did not note difficulty in May, June, or July 2021 does not support the ALJ's finding of improvement. *See Dupont*, 2019 WL 4296897, at *6; *Winn v. Comm'r of Soc. Sec.*, 615 F. App'x 315, 322 (6th Cir. 2015) (citing *Hurst v. Sec'y of Health & Human Servs.,* 753 F.2d 517, 519 (6th Cir. 1985) ("[F]ailure to consider the record as a whole undermines the Secretary's conclusion."); *Allen v. Califano,* 613 F.2d 139, 145 (6th Cir. 1980) ("Substantiality of the evidence must be based upon the record taken as a whole.")).

As discussed above, in reviewing the evidence the ALJ relied on to find medical improvement, the Court does not re-weigh the evidence, but rather assesses whether the Commissioner met her burden of showing medical improvement supported by substantial evidence. *See Ryan v. Comm'r of Soc. Sec.*, 2018 WL 1096464, *9 (E.D. Mich. Feb. 8, 2018), *report and recommendation adopted*, 2018 WL 1089600 (E.D. Mich. Feb. 26, 2018).  Here, the Commissioner failed to meet that burden as to whether a medical improvement had occurred as of December 18, 2020.

Accordingly, for the above reasons, Plaintiff's Statement of Errors is well taken.[3]

### B.    Remand

A remand is appropriate when the ALJ's decision is unsupported by substantial evidence or when the ALJ failed to follow the Administration's own regulations and that shortcoming prejudiced the plaintiff on the merits or deprived the plaintiff of a substantial right.  *Bowen*, 478 F.3d at 746.  Remand may be warranted when the ALJ failed to provide "good reasons" for rejecting a treating medical source's opinions, *see Wilson*, 378 F.3d at 545-47; failed to consider certain evidence, such as a treating source's opinions, *see Bowen*, 478 F.3d at 747-50; failed to consider the combined effect of the plaintiff's impairments, *see Gentry*, 741 F.3d at 725-26; or failed to provide specific reasons supported by substantial evidence for finding the plaintiff lacks credibility, *see Rogers*, 486 F.3d at 249.

Under sentence four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing."

---

[3] In light of the above discussion, and the resulting need to remand this case, an in-depth analysis of Plaintiff's other challenge to the ALJ's decision is unwarranted.

*Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Consequently, a remand under sentence four may result in the need for further proceedings or an immediate award of benefits. *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where the evidence of disability is overwhelming or where the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

A judicial award of benefits is unwarranted in the present case because the evidence of disability is not overwhelming and the evidence of disability is not strong while contrary evidence is lacking. However, Plaintiff is entitled to a remand to the Social Security Administration pursuant to sentence four of § 405(g) due to the problems discussed above. On remand, the ALJ should be directed to evaluate the evidence of record, including the medical source opinions, under the applicable legal criteria mandated by the Commissioner's Regulations and Rulings and by case law; and to evaluate Plaintiff's disability claim under the Regulations to determine anew whether Plaintiff was under a disability and whether his application for Disability Insurance Benefits should be granted.

**IT IS THEREFORE ORDERED THAT:**

1.  Plaintiff's Statement of Errors (Doc. #8) is **GRANTED**;

2.  The Commissioner's non-disability finding is **VACATED**;

3.  No finding is made as to whether Plaintiff was under a "disability" within the meaning of the Social Security Act;

4.  This matter is **REMANDED** to the Social Security Administration under sentence four of 42 U.S.C. § 405(g)

14

for further consideration consistent with this Decision and Entry; and

5.     The case is terminated on the Court's docket.

March 29, 2024                                         s/Peter B. Silvain, Jr.

                                                      Peter B. Silvain, Jr.
                                                      United States Magistrate Judge